JS-6
Send
Enter

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WAGENER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES P. DUNN, et al.,<br><br>　　　　　Defendants. | Case No.  CV 03-6773 PA (MANx)<br>　　　　　　CV 03-6757 PA (MANx)<br><br>ORDER REMANDING ACTION<br><br>THIS CONSTITUTES NOTICE OF ENTRY<br>AS REQUIRED BY FRCP, RULE 77(d). |

　　　　On August 20, 2003, Defendants County of Santa Barbara, Dianne Koenig-Marinez, Kelly Green, Richard Brittingham, Helen Sepulveda, Chris Burns, and Santa Barbara County Officer Caroll (the "Santa Barbara Defendants"); and Defendants City of Santa Maria and Santa Maria Police Officer Knoll (the "Santa Maria Defendants") were served with the Summons and Complaint for this action.  On September 19, 2003, the thirtieth day after they were served, the Santa Barbara Defendants filed a Notice of Removal to remove this case from the Santa Barbara County Superior Court to this Court, where it was assigned Case No. CV 03-6773 DT (RZx).  On the same day, the Santa Maria Defendants filed a

. . . .

. . . .

. . . .

1  separate Notice of Removal to remove this same case from the Santa Barbara County
2  Superior Court to this Court, where it was assigned Case No. CV 03-6757 RGK (CTx).[1]

3        On September 5, 2003, Defendant County of Door, Wisconsin was served with
4  the Summons and Complaint for this action, and on October 2, 2003, this Defendant filed a
5  Notice of Joinder and Consent to Removal, joining and consenting to the Santa Maria
6  Defendants' removal. On September 10 and 11, 2003, Defendants James P. Dunn, James
7  Miller, Linda A. Lembcke, and Rose Snyder-Spaar were served with the Summons and
8  Complaint for this action, and on October 9, 2003, these Defendants filed a Motion to
9  Dismiss under F.R.Civ.P., Rule 12(b)(6). On September 10, 2003, Defendant City of
10 Sturgeon Bay, Wisconsin was served with the Summons and Complaint for this action, and
11 on October 10, 2003, this Defendant filed an answer. Defendant John Sterling was served
12 with the Summons and Complaint for this action after September 19, 2003, and on
13 September 29, 2003, this Defendant filed a Motion to Dismiss under F.R.Civ.P., Rule
14 12b(6).

15       On October 16, 2003, Plaintiff moved to remand this case due to the lack of timely
16 joinder. All Defendants have filed either motions or answers with this Court, and all consent
17 to removal. The critical question is whether the defendants' motions, answers and joinders
18 were timely filed. See <u>Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North
19 America</u>, 841 F.2d 1254, 1262 (5th Cir. 1988).

20                                 DISCUSSION

21       Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court
22 may be removed to federal court if the federal court would have had original jurisdiction
23 over the suit. 28 U.S.C. § 1441(a). An action must be remanded to state court if the federal
24 court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing

25

---

26 [1]    These cases were low-numbered to this Court because the identical case filed by the
27 same Plaintiff against the same Defendants was assigned to this Court on February 21, 2003.
    See Case No. CV 03-1231 PA (MANx). On July 17, 2003, that case was dismissed without
28 prejudice for lack of prosecution.

federal jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999) (citing Emrich v. Touch Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of California, Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

"A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of the initial pleading . . ." 28 U.S.C. § 1446(b). With the exception of nominal parties, Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir.1986), and unserved defendants, Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984), all defendants must join in the removal petition, Emrich, 846 F.2d at 1190. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, Inc., 167 F.3d at 1266.

In their removal notices, the Santa Maria Defendants and the Santa Barbara Defendants concede that the Door County, Wisconsin Defendants and the City of Sturgeon Bay, Wisconsin Defendants were served. (Santa Barbara Defendants' Notice of Removal, ¶ 6, and Santa Maria Defendants' Notice of Removal, ¶ 6.) Each of these served defendants, as well as all other served defendants, was required to join or otherwise indicate their consent to either the Santa Maria Defendants' Notice of Removal or the Santa Barbara Defendants' Notice of Removal by September 19, 2003, "thirty days after the receipt by the defendant . . . of the initial pleading . . ." 28 U.S.C. § 1446(b). The date that the Summons and Complaint was served on the Door County, Wisconsin Defendants, the City of Sturgeon Bay, Wisconsin Defendants, and the other Defendants served prior to September 19, 2003, is

irrelevant to the calculus. "Because all [served] defendants must join [the § 1446(a) motion], the 30-day period for removal [under § 1446(b)] commences to run from the date the first defendant receives a copy of the complaint." Teitelbaum v. Soloski, 843 F.Supp. 614, 615 (C.D. Cal.1994).[2]

The Santa Maria Defendants and the Santa Barbara Defendants state that "all presently served Door County, Wisconsin Defendants and City of Sturgeon Bay, Wisconsin Defendants . . . agree with the removal of this action to the federal court and each will be separately filing their own removal papers or otherwise joining herein." (Santa Barbara Defendants' Notice of Removal, ¶ 6, and Santa Maria Defendants' Notice of Removal, ¶ 6.) Courts have consistently rejected this kind of bald assertion as insufficient to satisfy the § 1446(a) requirement for joinder: "To 'join' a motion is to support it in writing." Gossmeyer v. McDonald, 128 F.3d 481, 489 (7th Cir. 1997); "While it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant." Getty Oil Corp., 841 F.2d at 1262.

Even if filing a motion in this Court manifests intent to join in a removal, See, e.g., Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 562 (C.D. Cal. 1988), all motions and answers were filed more than thirty days after the receipt of the initial pleading,

---

[2] There is currently a split of authority on the construction of § 1446(b) when applied to multiple defendants. Compare Brown v.Demco, Inc., 792 F.2d 478, 482 (5th Cir.1986) (adopting the majority "first-served" rule, where the court is only concerned when the first defendant receives the complaint), with Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir.1999) (applying the minority "last-served" rule, where the court allows each defendant thirty days to remove from the date each individual defendant is served). The Ninth Circuit "express[es] no opinion . . . on the propriety of either rule," United Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002). This Court adopts the majority "first-served" rule.

and were therefore untimely.³ This Court did not receive written notice of joinder from all served Defendants by September 19, 2003, thirty days after the first removing defendant was served with the Summons and Complaint. As such, "[t]he defects in the removal notice were not cured within the thirty-day statutory period permitted for joinder." Prize Frize, Inc., 167 F.3d at 1266.

Accordingly, the Court remands this action to the Santa Barbara County Superior Court. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

DATED: October 17, 2003

                                              Percy Anderson
                                   UNITED STATES DISTRICT JUDGE

---

3/    On October 16, 2003, Defendants orally indicated their consent to join in the removal. The Court is not aware of any legal basis to accept this as joinder. In any case, this indication of consent was untimely as well.